IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE J. WILSON, # 238057, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv1068-WKW |
| | ) | (WO) |
| WILLIE THOMAS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Lonnie J. Wilson ("Wilson"). Doc. No. 1.[1]

**I. BACKGROUND**

In January 2011, a Tallapoosa County grand jury indicted Wilson for first-degree rape, in violation of § 13A-6-61, Ala. Code 1975. The case went to trial in October 2011. The Alabama Court of Criminal Appeals summarized the trial evidence as follows:

> A.H. knew Wilson through her boyfriend at the time. One evening in May 2010, Wilson rode with A.H. to a gathering near her residence in the Foshee Trailer Park near New Site. Later that night, Wilson returned to the trailer park with A.H. Wilson had intended to spend the night at another residence in the park, but the woman's husband was home so Wilson, unbeknownst to A.H., returned to A.H.'s residence. K.H., A.H.'s [minor] daughter, was asleep on one of the couches in the living room. Early in the morning hours, A.H. woke up and went into the living room. She saw Wilson and K.H. in the living room, and K.H. was behaving differently. According to A.H., Wilson looked as if he had seen a ghost. A.H. asked what was going on, and K.H. pushed her way to the bathroom. K.H. told A.H. that she had been up all night giving Wilson Kool-Aid and ice because Wilson was dehydrated. K.H. left the residence and went to her cousin's house. The cousin returned a short time later and told A.H. that K.H. had told her that Wilson

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action. Page references are to those assigned by CM/ECF.

had raped her. A.H. indicated that she wanted to kill Wilson. She tried to hit him with a bat and then stab him with a knife but her boyfriend stopped her. K.H. was taken to the local hospital and then and then transported to the Children's Hospital in Birmingham. An examination was performed, evidence collected, and K.H. was released.

At trial, K.H. testified that she had previously seen Wilson on two occasions before seeing him the night of the gathering in May. She went to sleep on the couch and was there when Wilson and A.H. returned from the gathering. K.H. stated that she was asleep when she was awakened by a sound of heavy breathing. She looked up and saw that Wilson was the person making the noise. Wilson, who had been drinking and who appeared intoxicated, asked K.H. to get him something to drink. K.H. stated that Wilson appeared to be dehydrated and about to pass out. K.H. got Wilson a glass of Kool-Aid. K.H. then went back to sleep. Wilson woke her up again and asked K.H. to get him some ice, which she did. K.H. went back to sleep. Several minutes later, Wilson started pulling on K.H.'s blanket. K.H. got up, hit Wilson, and returned to the couch. K.H. tried to go back to sleep, but Wilson again pulled on the blanket, pulling her over to him. Wilson grabbed K.H. by the waist and then covered her mouth with his hand when she started to scream. Wilson removed K.H.'s clothes and then inserted his fingers into her vagina. K.H. testified that she kept hitting Wilson and tried to get away from him. Wilson then inserted his penis inside her. She continued to scream, but no one could hear her with Wilson's hand squeezing her mouth. Immediately after the incident, K.H. told Wilson that she was going to tell her mother what happened, and Wilson grabbed a knife from the kitchen and told her that he would take his life because he did not want to go back to prison. K.H. testified that the incident occurred just a few minutes prior to her mother entering the room. K.H. did not tell her mother immediately what had occurred because she was in shock and because she was scared Wilson might hurt himself or her and her family.

Semen was detected on the vaginal swab and on K.H.'s panties. The semen was analyzed by the Alabama Department of Forensic Sciences. The genetic traits of the semen found on both the swab and panties matched Wilson's deoxyribonucleic acid ("DNA") profile.

Doc. No. 11-4 at 1-3.

The jury found Wilson guilty as charged in the indictment. The trial court sentenced Wilson as a habitual felony offender with at least three prior felony convictions to life in prison. Wilson filed a motion for new trial and a motion for sentence reconsideration, which the trial court denied.

Wilson appealed, raising these claims:

1. The jury's verdict was "against the weight of the testimonial and physical trauma evidence."

2. Trial counsel was ineffective for failing to offer evidence of his intoxication and failing to request a jury instruction on an intoxication defense.

3. The trial court erred by denying his motion to reconsider his sentence based on alleged excessiveness of his sentence under the habitual felony offender statute.

Doc. No. 11-2 at 14-26.

On October 19, 2012, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Wilson's conviction and sentence. Doc. No. 11-4. Wilson applied for rehearing, which was overruled. Doc. No. 11-12. Wilson did not seek certiorari review in the Alabama Supreme Court. A certificate of judgment was entered on December 5, 2012. Doc. No. 11-5.

In December 2013, Wilson, proceeding *pro se*, filed a timely petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 11-6 at 8-33. In the Rule 32 petition, Wilson claimed his trial counsel was ineffective for failing to (1) request jury instructions on second-degree rape and first-degree sexual abuse as lesser included offenses of the first-degree rape charge in the indictment, and (2) request a jury instruction on voluntary intoxication to negate the element of forcible compulsion required for a conviction for first-degree rape. *Id*. On January 26, 2014, the trial court entered an order summarily denying Wilson's Rule 32 petition.

Wilson appealed. On July 11, 2014, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Wilson's Rule 32 petition, holding that Wilson's claims of ineffective assistance of counsel failed to establish deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. No. 11-9.

3

Wilson applied for rehearing, which was overruled. He then petitioned the Alabama Supreme Court for a writ of certiorari. The petition for certiorari was denied on October 10 2014, and a certificate of judgment was entered that same date. Doc. Nos. 11-11 and 11-12.

Wilson initiated this federal habeas action on October 14, 2016, by filing a § 2254 petition asserting the same claims he presented in his Rule 32 petition, specifically:

1. His trial counsel was ineffective for failing to request jury instructions on second-degree rape and first-degree sexual abuse as lesser included offenses of the first-degree rape charge in the indictment.

2. His trial counsel was ineffective for failing to request a jury instruction on voluntary intoxication to negate the element of forcible compulsion required for a conviction for first-degree rape.

Doc. No. 1 at 5; Doc. No. 1-1 at 1-7.

The respondents answer that Wilson's claims were properly adjudicated on the merits by the state courts and that he is not entitled to federal habeas relief. Doc. No. 11 at 11-17. After careful review of the § 2254 petition, the parties' submissions, and the record in this case, the undersigned finds that Wilson's petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

**A.   Scope of Habeas Review for Claims Adjudicated on Merits by State Courts**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an

unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court

5

proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     Strickland Standard for Claims of Ineffective Assistance of Counsel**

The Alabama Court of Criminal Appeals applied the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the Rule 32 court correctly denied Wilson relief on his claims of ineffective assistance of counsel. *See* Doc. No. 11-9 at 3-7. *Strickland* sets forth the clearly established federal law on this issue*, see Pinholster,* 536 U.S. at 189, and requires that a petitioner alleging ineffective assistance of counsel establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Strickland*, 466 U.S. at 687.

> The elements to be considered are as follows:
>
> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *id*. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Van Poyck v. Florida Dep't of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." *House v. Balkcom*, 725 F.2d 608, 615 (11th Cir.1984). An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). A federal court must apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691). Here, because the state court ruled on the merits of Wilsons's ineffective assistance of counsel claims, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, ___ U.S. ___, ___, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

The reviewing court "may decline to reach the performance prong of the ineffective assistance test if convinced that the prejudice prong cannot be satisfied." *Waters*, 46 F.3d at 1510 (citing *Strickland*, 466 U.S. at 697). "[T]here is no reason for a court deciding an ineffective assistance of counsel claim to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

C. **Wilson's Claims**

  1. *Failure to Request Jury Instructions on Second-Degree Rape and First-Degree Sexual Abuse*

Wilson claims that his trial counsel rendered ineffective assistance by failing to request jury instructions on second-degree rape and first-degree sexual abuse as lesser included offenses of the first-degree rape charge in the indictment. Doc. No. 1 at 5; Doc. No. 1-1 at 1-4. He argues that there was a reasonable theory from the evidence to bring his conduct within the statutory

definitions of second-degree rape and first-degree sexual abuse and that therefore he was entitled to jury instructions on these lesser included offenses of first-degree rape. *Id*.

Section 13A-6-61 of the Alabama Criminal Code defines first-degree rape, in pertinent part, as follows:

> (a) A person commits the crime of rape in the first degree if:
>
> > (1) He or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion[.]
> >
> > ….
>
> (b) Rape in the first degree is a Class A felony.

§ 13A-6-61, Ala. Code 1975.

Under Alabama law, second-degree rape is defined, in pertinent part, as follows:

> (a) A person commits the crime of rape in the second degree if:
>
> > (1) Being 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.
> >
> > ….
>
> (b) Rape in the second degree is a Class B felony.

§ 13A-6-62, Ala. Code 1975.

Under Alabama law, first-degree sexual abuse is defined, in pertinent part, as follows:

> (a) A person commits the crime of sexual abuse in the first degree if:
>
> > (1) He subjects another person to sexual contact by forcible compulsion[.]
> >
> > ….
>
> (b) Sexual abuse in the first degree is a Class C felony.

§ 13A-6-66, Ala. Code 1975.

8

Wilson maintains that, under the evidence presented at trial, his conduct fit within the definition of second-degree rape, because the victim was a female "less than 16 and more than 12 years old," and he was over two years older than the victim. Doc. No. 1-1 at 3-4. He maintains that his conduct also fit within the definition of first-degree sexual abuse, because he subjected the victim to "sexual contact." *Id*. Wilson presented his claim regarding his trial counsel's failure to request jury instructions on second-degree rape and first-degree sexual abuse in his Rule 32 petition. He pursued the claim on appeal to the Alabama Court of Criminal Appeals after the trial court denied the petition.

In addressing Wilson's claim, the Alabama Court of Criminal Appeals stated:

> Wilson's first argument – that he received ineffective assistance of counsel because his trial counsel failed to request a jury instruction on second-degree rape and first-degree sexual abuse as lesser-included offenses of first-degree rape – is without merit.
>
>> "A defendant accused of an offense is entitled to have the trial court charge on any lesser included offense if there is any reasonable theory from the evidence to support the lesser charge, regardless of whether the State or the defendant offers the evidence. *Parker v. State*, 581 So. 2d 1211, 1214 (Ala. Crim. App. 1990); *Ex parte Pruitt*, 457 So. 2d 456 (Ala. 1984). 'The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.' § 13A-1-9(b), Ala. Code 1975.
>>
>> "A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. *Anderson v. State*, 507 So. 2d 580 (Ala. Crim. App. 1987)."
>
> *Butler v. State*, 781 So. 2d 994, 1004-05 (Ala. Crim. App. 2000).
>
> The language in Wilson's indictment for first-degree rape substantially follows the language of § 13A-6-61(a)(1), Ala. Code 1975, which requires that

9

> "[h]e … engaged in sexual intercourse with a member of the opposite sex by forcible compulsion." Wilson argues that a charge on second-degree rape in this case was warranted as a lesser-included offense of first-degree rape. We disagree. In the context of the offense for which Wilson was indicted, first-degree rape did not require proof of the certain age of the victim, *see generally Allen v. State*, 472 So. 2d 1122, 1125 (Ala. Crim. App. 1985), and there was no evidence suggesting that Wilson did not forcibly compel the victim to have sex with him. Likewise, there was no evidence from which the jury might have found that only forcible "sexual contact," as proscribed in § 13A-6-66(a)(1), Ala. Code 1975, and not "rape," as defined in § 13A-6-61(a)(1), occurred. *Cf. Parker v. State*, 581 So. 2d 1211, 1214 (Ala. Crim. App. 1990). Thus, trial counsel was not ineffective for not requesting a jury instruction for which there was no "reasonable theory" to support these lesser charges. *See Davis v. State*, [Ms. CR-10-0224, May 2, 2014] ___ So. 3d ___ (Ala. Crim. App. 2014) ("Counsel is not ineffective for failing to raise a meritless claim.").

Doc. No. 11-9 at 6-7.

Established Alabama law provides that a lesser-included offense instruction should be given if "there is any reasonable theory from the evidence which would support the position." *Fulghum v. State*, 291 Ala. 71, 75, 277 So.2d 886, 890 (1973). The federal standard, not substantially different, holds that a "defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1972); *see also Hopper v. Evans*, 456 U.S. 605, 611-12 (1982).

Here, there was no evidence suggesting that Wilson did not forcibly compel the victim to have sex with him. Consequently, an instruction on second-degree rape as a lesser included offense of the first-degree rape charge was not warranted. Moreover, there was no evidence that Wilson's conduct was limited to "sexual contact" with the victim, as opposed to sexual intercourse. Consequently, an instruction on first-degree sexual abuse as a lesser included offense of first-degree rape was not warranted. Because no reasonable theory of the evidence supported the lesser charges, Wilson's trial counsel did not perform deficiently by failing to ask that the jury be

instructed on these charges. Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). The state court correctly identified *Strickland* as the controlling law and properly applied it to Wilson's ineffective-assistance-of-counsel claim. The state court decision denying relief was neither contrary to nor an unreasonable application of clearly established federal law; nor did it involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2).

Further, abundant evidence was presented at trial to sustain Wilson's conviction for first-degree rape. Therefore, even assuming without finding that his counsel was deficient in failing to request jury instructions on the lesser charges, the deficiency would not suggest that there is a reasonable probability that the outcome would have been different, because the jury had sufficient evidence to find Wilson guilty of the greater offense of first-degree rape. *See Strickland*, 466 U.S. at 693-94 (explaining that a reviewing court should presume that the jury acted according to law). Wilson's suggestion that the jury would have convicted him of a lesser offense had it been given the instructions on such an offense is not conclusive where the jury properly convicted him of first-degree rape based upon the evidence presented at trial. Furthermore, the jury would have performed its duties in violation of the law had it convicted Wilson of a lesser offense in the face of sufficient evidence for the greater offense. *See Magnotti v. Secretary for DOC*, 222 Fed. App'x 934, 940 (11th Cir. 2007) (citing holding in *Strickland*, 466 U.S. at 694-95, that "[a] defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed. The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncrasies of the particular decisionmaker, such as unusual

propensities toward harshness or leniency"). Accordingly, Wilson also fails to show that he suffered prejudice as a result of his counsel's decisions. Wilson is not entitled to habeas relief on this claim.

### 2. Failure to Request Jury Instruction on Voluntary Intoxication

Wilson claims that his trial counsel was ineffective for failing to request a jury instruction on voluntary intoxication to negate the element of forcible compulsion required for a conviction of first-degree rape. Doc. No. 1 at 5; Doc. No. 1-1 at 4–7.

Wilson presented this claim in his Rule 32 petition, then pursued it on appeal to the Alabama Court of Criminal Appeals after the trial court denied the petition. In addressing the claim, the state appellate court held:

> Wilson next argues that trial counsel was ineffective for his failure to request a jury instruction on intoxication as a defense to the specific intent necessary to commit rape by forcible compulsion. "Mere drunkenness, voluntarily produced, is never a defense against a criminal charge, and can never palliate or reduce the grade of an offense, unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act." *Ex parte Smith*, 756 So. 2d 957, 963 (Ala. 2000); *see also* § 13A-3-2(a), Ala. Code 1975. "The degree of intoxication necessary to negate specific intent and, thus, reduce the charge, must amount to insanity." 756 So. 2d at 963. Evidence was admitted that Wilson had been drinking before he went to the victim's house and that, according to the victim, Wilson appeared dehydrated and like he was about to "pass out"; none of this evidence presented at trial, however, indicated that Wilson was intoxicated to the point of insanity. Accordingly, this argument is without merit, and the circuit court correctly summarily dismissed this claim.

Doc. No. 11-9 at 7.

The Alabama Supreme Court has stated the standard to be applied for a defense of voluntary intoxication:

> In *Jones v. State*, 362 So.2d 1303, 1315 (Ala.Cr.App. 1978), the Court of Criminal Appeals held that the intoxication "must be of such character and extent as to render the accused incapable of consciousness that he is committing a crime." Also, this Court has stated that "[m]ere drunkenness, voluntarily produced, is never a defense against a criminal charge, and can never palliate or reduce the grade of

12

> an offense, unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act." *Gautney v. State*, 284 Ala. 82, 88, 222 So.2d 175 (1969, quoting *Walker v. State*, 91 Ala. 76, 82, 9 So. 87, 89 (1890) (emphasis omitted). Intoxication [as a defense against a murder charge] "must be so excessive as to paralyze the mental facilities, and render the accused incapable of forming or entertaining the design to take life." *Id*. The degree of intoxication necessary to negate specific intent and, thus, reduce the charge, must amount to insanity. *Crosslin v. State*, 446 So.2d 675 (Ala.Cr.App. 1983), appeal after remand, 489 So.2d 680 (Ala.Cr.App. 1984), citing *Maddox v. State*, 31 Ala.App. 332, 344, 17 So.2d 283, 285 (1944) (other citations omitted).

*Ex parte Bankhead*, 585 So. 2d 112, 120-21 (Ala. 1991); *see also See Ex parte Smith*, 756 So. 2d 957, 963 (Ala. 2000).

Here the evidence of Wilson's intoxication was insufficient to make his state of mind a question for the jury. There was no evidence indicating that Wilson's intoxication was of such a character and extent as to render him incapable of discriminating between right and wrong, or that he was intoxicated to the point of insanity. *See Toler v. State*, 623 So. 2d 408 (Ala. Crim. App. 1993); *Anonymous v. State*, 507 So.2d 972 (Ala. 1987); *see also* § 13A-3-2, Ala. Code 1975.[2]

---

[2] Section 13A-3-2 of Alabama's Criminal Code states, in pertinent part:

> (a)  Intoxication is not a defense to a criminal charge, except as provided in subsection (c) of this section.  However, intoxication, whether voluntary or involuntary, is admissible in evidence whenever it is relevant to negate an element of the offense charged.
>
> ….
>
> (c)  Involuntary intoxication is a defense to prosecution if as a result the actor lacks capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.
>
> (d)  Intoxication in itself does not constitute mental disease or defect within the meaning of Section 13A-3-1.
>
> (e)  In this section:

Wilson's counsel did not perform deficiently by failing to request a jury instruction unsupported by the evidence. Moreover, Wilson fails to demonstrate a reasonable probability that the outcome of the proceedings would have been different had his counsel requested and obtained a jury instruction on voluntary intoxication.

The state court correctly identified *Strickland* as the controlling law and properly applied it to Wilson's ineffective-assistance-of-counsel claim. The state court decision was neither contrary to nor an unreasonable application of clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Consequently, Wilson is not entitled to habeas relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before February 14, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the

---

        (1) "Intoxication" includes a disturbance of mental or physical capacities resulting from the introduction of any substance into the body.

        (2) "Voluntary intoxication" means intoxication caused by substances that the actor knowingly introduced into his body, the tendency of which to cause intoxication he knows or ought to know, unless he introduces them under circumstances that would afford a defense to a charge of crime.

§ 13A-3-2, Ala. Code 1975.

petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 27th day of February, 2017.


/s/ Terry F. Moorer
TERRY F. MOORER
United States Magistrate Judge